IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-15-FL

| | |
|---|---|
| JAMES AYTCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 16, 24). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") wherein he recommended that the court grant defendant's motion for judgment and deny plaintiff's motion (DE # 26). Plaintiff timely filed an objection to the M&R, and defendant responded in opposition to plaintiff's objections. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R, grants defendant's motion, and denies plaintiff's motion.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 22, 2005. (R. 65.) He alleged his disability began on August 15, 2005. (Id.) In his disability report, plaintiff stated he suffered from leg and vertebrae pain. (R. 137.) However, plaintiff also stated at various points that he suffers from impairments including, but not limited to, diabetes and alcoholism. (R. 317–25.) After his claim was denied initially and

upon reconsideration, he requested a hearing before an administrative law judge ("ALJ"). (R. 52–53) Hearing was held on June 23, 2008. (R. 13.) Plaintiff was represented by counsel, and a vocational expert testified. (Id.) On August 5, 2008, the ALJ issued a decision denying plaintiff's application for benefits. (R. 10–21.) On January 2, 2009, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision from which plaintiff now appeals. (R. 3–6.) Thereafter, plaintiff filed a complaint in this Court seeking review of the final administrative decision.

On May 31, 2009, plaintiff moved for judgment on the pleadings, and defendant filed a cross motion on September 28, 2009. In plaintiff's motion, he argues that the ALJ (1) incorrectly assessed the severity of his impairments, (2) incorrectly concluded his diabetes mellitus does not meet the listing requirement of Listing 9.08, (3) improperly assessed his credibility and residual functional capacity, and (4) that substantial evidence does not support the decision. Defendant argues that the ALJ's findings are supported by substantial evidence and, thus, the decision should be upheld. The motions were referred to the magistrate judge for M&R. The magistrate judge concluded the ALJ's findings were supported by substantial evidence and recommended the court uphold the Commission's decision.

### DISCUSSION

A.   Standard of Review

This court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. This court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds) (citing 42 U.S.C.

§§ 405(g), 1383(c)(3); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The standard is met by "more than a mere scintilla of evidence but . . . somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist the court in making such a determination, it may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4 (emphasis added). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Plaintiff's Objection

Plaintiff objects to the M&R "based upon the reality of plaintiff," asserting "[h]e is not in any way a person who can be found 'capable' of working at the sedentary level.'" (Pl.'s Objection, 1–2). While this is not a specific objection to any finding or recommendation in the M&R, the court construes these assertions as an objection to the magistrate judge's conclusion that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence.

The ALJ found plaintiff was capable of performing sedentary work involving light lifting and

occasional standing and walking. The ALJ reached this conclusion after reviewing the history and extent of plaintiff's severe impairments, plaintiff's complaints of pain, and a psychological consultant's findings that plaintiff could perform routine tasks. When addressing each impairment, the ALJ discussed the relevant evidence in the record, such as medical reports and testimony. Although the ALJ recognized plaintiff's impairments may produce the symptoms of which he complains, the ALJ found plaintiff's testimony was not credible regarding the intensity of the pain and the extent to which his conditions are debilitating. Rather, the ALJ concluded plaintiff was capable of performing sedentary work notwithstanding these limitations.

Upon careful review of the record, the court finds the ALJ's RFC finding is supported by substantial evidence. Evidence in the record shows plaintiff's diabetes and hypertension are well controlled with medication. (R. 188–90.) There is little evidence in the record showing the ongoing extent and severity of plaintiff's leg and hip injury beyond the fall of 2005. (R. 208.) The psychological consultant's report concluded plaintiff is capable of performing routine tasks notwithstanding plaintiff's depression and somewhat limited intellectual capability. (R. 229.) Additionally, the vocational expert testified that an individual with like impairments to those of which plaintiff complains would be capable of performing certain sedentary jobs. (R. 335–36.) In light of this record, the court finds substantial evidence supports the ALJ's conclusion that plaintiff is capable of performing sedentary work even with his combined impairments.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court ADOPTS as its own the magistrate judge's

recommendations and rejects plaintiff's objections (DE # 26). Accordingly, defendant's motion for judgment on the pleadings (DE # 24) is GRANTED and plaintiff's motion for judgment on the pleadings (DE # 16) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 18 day of February, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge